IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERANCE CARPENTER,

           Plaintiff,

    v.

STATE OF OREGON and COUNTY OF
COLUMBIA OREGON,

           Defendants.

CV. 06-603-AS

FINDINGS AND
RECOMMENDATION

ASHMANSKAS, Magistrate Judge:

       Terance Carpenter ("Plaintiff") is the biological father of Elizabeth C. Gomez, who was born on August 22, 1988.[1] In May 1994, Plaintiff was awarded joint custody of Elizabeth with Elizabeth's mother, Amy Ferguson. In early December 2005, Ferguson consented to the marriage of Elizabeth, then seventeen years old, to Ernesto Bravo Gomez. Elizabeth was married on

---

[1] Plaintiff alleges in his complaint that Elizabeth was born on August 22, 1988. Complaint at Page 1, Line 31. The documents attached to the Complaint, including Elizabeth's birth certificate, indicate that Elizabeth was born on September 22, 1998.

December 9, 2005.    Plaintiff filed this action asking the court to declare O.R.S. 106.010[2] and 106.060[3] unconstitutional and enjoin the State of Oregon, and all Oregon counties, from issuing a marriage license to any person under the age of eighteen.  Defendants[4] have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## Legal Standard

Courts grant motions to dismiss under Rule 12(b)(6) only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1347 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987).  The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. County of Nevada, 824 F.2d 735, 737 (9th Cir. 1987).

Generally, in cases involving a plaintiff appearing *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). However, a liberal interpretation of the complaint may not supply essential elements of the claim

---

[2]O.R.S. 106.010 provides:
    Marriage is a civil contract entered into in person by males at least 17 years of age and females at least 17 years of age, who are otherwise capable and solemnized in accordance with O.R.S. 106-150.

[3]O.R.S. 106.060 provides, in pertinent part, that:
    A marriage license shall not be issued without the written consent of the parent or guardian, if any, of an applicant who is less than 18 years of age, nor in any case unless the parties are each of an age, as provided in O.R.S. 106.010, capable of contracting marraige.

[4]The State of Oregon and the County of Columbia Oregon are the named defendants in this action.

not initially pled. Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).

Before dismissing a *pro se* complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

## Discussion

Defendants argue that Plaintiff has alleged only a past violation of the Constitution and that, therefore, he has not stated a justiciable claim or controversy under Article III or the Eleventh Amendment. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983), citing Flast v. Cohen, 392 U.S. 83, 94-101 (1968). "Plaintiffs must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." Id. at 101, quoting Baker v. Carr, 369 U.S. 186, 204 (1962). Failure to meet such a requirement renders the case "moot". Id.

The burden of proof to overcome mootness rests firmly with the plaintiff. Nelsen v. King County, 895 F.2d 1248, 1251 (9th Cir. 1990). In order to meet such a burden, plaintiff must show a "credible threat of immediate future harm." Id. at 1254. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief * * * if unaccompanied by any continuing, present adverse effects." Lyons, 461 U.S. at 102, quoting O'Shea v. Littleton,

414 U.S. 488, 495 (1974).  "'[P]laintiffs must demonstrate that a credible threat exists that they will again be subject to the specific injury for which they seek injunctive or declaratory relief.'  A reasonable showing of a 'sufficient likelihood' that plaintiff will be injured again is necessary.  The 'mere physical or theoretical possibility' of a challenged action again affecting the plaintiff is not sufficient."  Nelsen, 895 F.2d at 1250 (citations omitted.)  Plaintiff must go beyond showing a general probability that circumstances may produce future harm.  He must show that "there is 'a very significant possibility' that the future harm will ensue."  Id., citing Sample v. Johnson, 771 F.2d 1335, 1343 (9th Cir. 1985), *cert. denied*, 475 U.S. 1019 (1986).   Plaintiff may demonstrate a calculable likelihood of recurrence by proving a "pattern" of violative behavior or a deliberate "plan" by the named defendants.  Rizzo v. Goode, 423 U.S. 362, 375 (1976).

Plaintiff asserts that Defendants violated his constitutional rights as a father by issuing a marriage license to his seventeen year old daughter.  Plaintiff contends that the statutes at issue, which allow minors to marry at the age of seventeen with the consent of one parent, are unconstitutional and asks the court to enjoin Defendants from issuing marriage licenses to anyone under the age of eighteen.

Plaintiff complains that Elizabeth's marriage divested him of his rights as the parent of a minor to visitation or increased custodial privileges.  The court questions whether the marriage eliminated Plaintiff's visitation rights, as he still retained the ability to visit with his daughter after she was married.  As for Plaintiff's rights as a custodial parent, all such rights terminated on August 22, 2006, when Elizabeth turned eighteen.[5]

---

[5]As noted above, it appears that Elizabeth's birthdate is September 22, not August 22 as alleged in the complaint.  At this juncture, the court is obligated to view the allegations of the complaint as true.  Even if the court allows Plaintiff to amend his complaint allege Elizabeth's

Based on the allegations of the complaint, Plaintiff was affected by the statutes at issue only until his daughter turned eighteen. Accordingly, Plaintiff is unable to prove any current or continuing violation of his rights as a parent to Elizabeth. Plaintiff is unable to show any likelihood of future harm with regard to Elizabeth. Even if Plaintiff had a younger child which he feared would marry before he or she attained the age of eighteen, the United States Supreme Court has held that the possibility that a younger sibling would be affected in the same manner under unusual circumstances, such as those presented here, "is insufficient to establish the existence of a present, live controversy." Los Angeles, supra, 461 U.S. 95, 105, citing Ashcroft v. Mattis, 431 U.S. 171, 172-3 (1977).

The court sympathizes with Plaintiff's concern over his daughter and her future. However, it is clear that Plaintiff is unable to allege an actual case or controversy based on the facts at hand.

## Conclusion

Defendants' motion (#5) to dismiss should be GRANTED.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **September 27, 2006**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 11th day of September, 2006.

/s/   Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge

---

true birth date, Plaintiff's parental rights would conclude in the next week or two and would not survive the pendency of this action. Accordingly, Plaintiff is unable to amend his complaint to state a viable case or controversy.